UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM BRUCE GRAY,

                                 Plaintiff,              Case # 18-CV-184-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.

## INTRODUCTION

Plaintiff William Bruce Gray brings this action pursuant to the Social Security Act seeking review of the denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 6, 2014, Gray applied for DIB and protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 193-205. He alleged disability since March 15, 2013 due to attention deficit hyperactivity disorder, severe manic bipolar disorder without psychotic features, and schizoaffective and psychotic disorders. Tr. 83. On July 22, 2016, Gray and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Timothy M. McGuan ("the ALJ"). Tr. 35-80. On October 20, 2016, the ALJ issued a decision finding that

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

1

Gray was disabled from March 15, 2013 through August 31, 2015 but was no longer disabled as of September 1, 2015. Tr. 10-20. On December 3, 2017, the Appeals Council denied Gray's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Gray's claim for benefits under the process described above. At step one, the ALJ found that Gray had not engaged in substantial gainful activity since March 15, 2013. Tr. 14. At step two, the ALJ found that from March 15, 2013 through August 31, 2015, Gray had

schizoaffective and bipolar disorders, depression, and anxiety, which constituted severe impairments. Tr. 14. At step three, the ALJ found that these impairments met the criteria of Listing 12.03. Tr. 14-16. Accordingly, the ALJ found Gray disabled for this time period. Tr. 16.

Next, the ALJ determined that as of September 1, 2015, Gray had the same severe impairments as those listed above. Tr. 16. He found, however, that those impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 17-18. Thus, the ALJ concluded that Gray experienced medical improvement as of September 1, 2015. Tr. 18.

The ALJ determined that, as of September 1, 2015, Gray retains the RFC to perform a full range of work at all exertional levels but can only occasionally understand, remember, and carry out complex and detailed tasks and cannot interact with the public. *Id.* At step four, the ALJ found that Gray cannot perform his past relevant work as an office clerk. Tr. 18-19. At step five, the ALJ relied on the VE's testimony and found that Gray can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 19. Specifically, the VE testified that Gray can work as an office helper and advertising material distributor. *Id.* Accordingly, the ALJ concluded that Gray was not disabled as of September 1, 2015. Tr. 19-20.

## II. Analysis

Gray argues that remand is required because the ALJ's conclusion that he experienced medical improvement as of September 1, 2015 lacks substantial evidence. ECF No. 10-1 at 10-13. The Court agrees.

Once the Commissioner determines that a claimant is disabled, he "is entitled to a presumption that the classification will not change unless the condition, governing statutes, or regulations change." *Nascimento v. Colvin*, 90 F. Supp. 3d 47, 53 (E.D.N.Y. 2015) (citation

omitted). Thus, if the Commissioner finds the claimant disabled for a closed period, that finding "must be demonstrated by substantial evidence of medical improvement in the claimant's impairment or combination of impairments such that the claimant is now able to engage in substantial gainful activity." *Id.* (citing *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002)); *see also* 20 C.F.R. §§ 404.1594(a), 416.994(a) (effective Aug. 24, 2012 to Mar. 26, 2017).

"Medical improvement" is a decrease in the medical severity of the claimant's impairment that was present at the time of the most recent favorable disability decision. *Id.* §§ 404.1594(b)(1), 416.994(b)(1). The ALJ must base this determination on improvement in the "symptoms, signs, and/or laboratory findings" associated with the claimant's impairment. *Id.* Thus, the ALJ must compare the current medical severity of the claimant's impairment to the medical severity of that impairment when the claimant was found disabled. *Veino*, 312 F.3d at 586-87 (citation omitted). "It is the Commissioner's burden to establish medical improvement." *Kennedy v. Berryhill*, No. 1:16-CV-855-MAT, 2018 WL 5619838, at *3 (W.D.N.Y. Oct. 29, 2018).

Here, the ALJ found that Gray experienced medical improvement as of September 1, 2015. In making this finding, the ALJ stated that

> [Gray] participated in outpatient mental health programs and was compliant with his medications. Treatment notes show that [his] mood, sleep, energy levels, and thought processes stabilized and he abstained from drugs and alcohol.

Tr. 18 (citing Tr. 656-681).

In contravention of the SSA's regulations, the ALJ did not compare the current medical severity of Gray's impairments to the medical severity of his impairments when he was disabled from March 15, 2013 through August 31, 2015. *See* 20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(7) (effective Aug. 24, 2012 to Mar. 26, 2017). The ALJ only vaguely notes that some of Gray's

5

symptoms "stabilized" without making any comparison to Gray's prior condition. Thus, the Court cannot meaningfully review his conclusion.

Even if the ALJ had performed the requisite comparison, his determination lacks substantial evidence. In finding that medical improvement occurred, the ALJ cited 26 pages of treatment notes—from a record that exceeds 700 pages—that contain only raw medical evidence that the ALJ was not qualified to interpret. *See Kennedy*, 2018 WL 5619838, at *4 ("The ALJ's reliance on two of Plaintiff's treatment notes to find medical improvement, in the absence of any supporting medical opinion, was erroneous. It is well-established that an ALJ may not base a medical improvement finding on his own lay interpretation of the medical evidence, uncorroborated by a physician's opinion or assessment." (citation and quotation marks omitted)).

There is also no medical opinion to support the ALJ's conclusion as the ALJ rejected the only medical opinion relevant to this time period. On May 16, 2016, Gray's treating physician Richard G. Bennett, M.D. opined that Gray can only perform mental work-related activities less than two-and-a-half hours in an eight-hour workday. Tr. 653-55. He also indicated that Gray's impairments were chronic and that his limitations existed since January 2015. Tr. 655.

The ALJ afforded only "little weight" to Dr. Bennett's opinion because he found it unsupported by Dr. Bennett's treatment notes showing intact memory, fair attention and concentration, clear thought processes, and normal mood. Tr. 16. According to the ALJ, these notes demonstrated that Gray's "condition had stabilized such that his functioning was much improved and notably better." Tr. 18.

This reasoning is insufficient because the ALJ did not consider any of the regulatory factors for evaluating a treating physician's opinion.[2] Moreover, "[t]he ALJ's own interpretation of raw

---

[2] Under the treating physician rule, the ALJ was required to give "good reasons" for rejecting Dr. Bennett's opinion and to consider: (1) whether Dr. Bennett examined Gray; (2) the length, nature, and extent of the treatment

6

medical data does not justify rejecting a treating physician's opinion," *Jackson v. Comm'r of Soc. Sec.*, No. 17-CV-6252-FPG, 2018 WL 4346593, at *7 (W.D.N.Y. Sept. 12, 2018) (citation omitted), and he "cannot arbitrarily substitute his own judgment for competent medical opinion." *Rosa*, 168 F.3d at 79 (citations omitted); *see also Morris v. Colvin*, No. 15-CV-5600 (JFB), 2016 WL 7235710, at *9 (E.D.N.Y. Dec. 14, 2016) ("[T]he ALJ's reliance on [the treating physician]'s medical notes indicating that plaintiff had a normal gait and normal motor and sensory exams does not justify his rejection of the treating physicians' opinions."). In fact, the findings that the ALJ relied on to reject Dr. Bennett's opinion—intact memory, fair attention and concentration, clear thought processes, and normal mood—are the same findings that Dr. Bennett cited to support his restrictive opinion. Tr. 653.[3]

Because the ALJ's finding of medical improvement lacks substantial evidence, remand is required. *See, e.g.*, *Kennedy*, 2018 WL 5619838, at *4 (remand required where "the ALJ relied solely on his own lay reading of Plaintiff's treatment notes" to support his finding of medical improvement). On remand, the ALJ should obtain an updated medical opinion from Dr. Bennett, and evaluate it pursuant to the SSA's regulations, or an opinion from a consultative examiner to properly determine whether Plaintiff experienced medical improvement.

---

relationship; (3) whether Dr. Bennett presented relevant evidence to support his opinion; (4) whether his opinion is consistent with the record as a whole; (5) whether Bennett is a mental health specialist; and (6) other factors that tend to support or contradict his opinion. *See* 20 C.F.R. §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6).

[3] Even if the ALJ properly rejected Dr. Bennett's opinion, he created a gap in the record when he rejected the only opinion as to Gray's functional capacity after September 1, 2015. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the ALJ's proper rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original). When an ALJ does not rely on a medical opinion to formulate the RFC, he must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013). Here, the ALJ did not rely on Dr. Bennett's opinion or provide a function-by-function analysis, and therefore it is entirely unclear how he determined Gray's RFC.

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 4, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court